# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE CORONEL, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:20-CV-6055 |
| ) | |
| v. ) | |
| ) | |
| 2053 W. DIVISION, INC. d/b/a SILLI KORI, ) | |
| KORI LUANGSUWAN, and ) | PLAINTIFF DEMANDS |
| WANWIMON LUANGSUWAN, ) | TRIAL BY JURY |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, Jose Coronel ("Coronel" or "Plaintiff"), by and through his attorneys, Daniel I. Schlade and James M. Dore, complain against Defendants 2053 W. Divison, Inc. d/b/a Silli Kori ("Defendant" or "Silli Kori"), Kori Luangsuwan ("Defendant" or "Kori"), and Wanwimon Luangsuwan ("Defendant" or "Wanwimon") (Silli Kori, Kori and Wanwimon may collectively be referred to as "Defendants") and in support of this Complaint, state:

## Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for Defendants' failure to pay overtime wages owed.

## Parties

2. Plaintiff Coronel is a resident of Chicago, Cook County, Illinois; and he was employed by Silli Kori.

3. Defendant Silli Kori is a restaurant and an Illinois Corporation that is headquartered and conducts business in Chicago, Cook County, Illinois.

4.     Defendant Kori is the head chef and an owner of Silli Kori. On information and belief, she is resident of Cook County, Illinois.

5.     Defendant Wanwimon is the president/secretary of Silli Kori, and on information and belief he is an owner of Silli Kori. On information and belief he is a resident of Cook County, Illinois.

## Jurisdiction And Venue

6.     The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Northern District of Illinois because all underlying facts and transactions occurred in Chicago, Cook County, Illinois; and on information and belief, all parties to this lawsuit are residents of Cook County, Illinois.

## Facts Common To All Claims

8.     Defendant Silli Kori is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity, a Thai restaurant.

9.     Defendant Kori is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) she was Plaintiff's boss at Silli Kori; (2) she had the power to hire and fire the employees, including Plaintiff; (3) she supervised and controlled Plaintiff's work schedules and conditions of employment; (4) she determined the rate and method of payment for employees; and (5) she maintained employment records.

10.    Defendant Wanwimon is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) he was Plaintiff's boss at Silli Kori; (2) he had the power to hire and fire the employees, including Plaintiff; (3) he supervised and controlled Plaintiff's work schedules and

conditions of employment; (4) he determined the rate and method of payment for employees; (5) he maintained employment records; and (6) he is the president/secretary of record for Silli Kori.

## COUNT I: VIOLATION OF THE FLSA

11. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Plaintiff began working at Defendant Silli Kori on or about June 1, 2017, and his last day of work was on or about September 11, 2020

13. At all times, Plaintiff held the same position at Silli Kori, he performed food preparation, colloquially known as "food prep." Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform food prep, and he does not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Plaintiff's schedule at Silli Kori was as follows: Sunday, 4:00 pm to 10:00 pm; Monday through Wednesday, 11:00 am to 10:00 pm; Thursday and Friday 4:00 pm to 12:00 am.; and thus Plaintiff worked fifty-five (55) hours per work week

15. Plaintiff was paid $12.36 per hour, and Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

16. Throughout the course of Plaintiff's employment with Defendants, and in the three (3) years prior to the filing this Complaint, Defendants scheduled and directed Plaintiff to work in excess of forty (40) hours per week, every week that Plaintiff worked for Defendants; and Plaintiff did in fact work in excess of forty-hours for each work week.

17. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

18. Defendants' paid plaintiff his wages approximately half in cash, and half by check.

19. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

20. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $14,224.53 in unpaid overtime wages; (ii) and liquidated damages of $14,224.53; and (iii) Plaintiff's attorney's fees and costs, to be determined.

WHEREFORE, Plaintiff Jose Coronel respectfully requests that the Court enter a judgment in his favor and against Defendants 2053 W. Divison, Inc. d/b/a Silli Kori, Kori Luangsuwan, and Wanwimon Luangsuwan, jointly and severally, for:

A. The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $14,224.53;

B. An award liquidated damages in an amount equal to at least $14,224.53;

C. A declaration that Defendants violated the FLSA;

D. An award reasonable attorneys' fees and costs; and

E. Any such additional or alternative relief as this Court deems just and proper.

## COUNT II: VIOLATION OF IMWL

21. Plaintiff incorporates by reference Paragraphs 1-20, as if set forth in full herein for Paragraph 21.

22. This count arises from Defendant's violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

23. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

24. Pursuant to 820 ILCS 105/12(a), Plaintiff Ramirez is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

25. The amount of unpaid overtime wages owed to Plaintiff is $14,224.53

**WHEREFORE**, Plaintiff Jose Coronel respectfully requests that the Court enter a judgment in his favor and against Defendants 2053 W. Divison, Inc. d/b/a Silli Kori, Kori Luangsuwan, and Wanwimon Luangsuwan, jointly and severally, for:

A. The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $14,224.53;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this Honorable Court deems just and proper.

### COUNT III: VIOLATION OF CHICAGO ORDINANCE

26. Plaintiff Ramirez reincorporates by reference Paragraphs 1-25, as if set forth in full herein for Paragraph 26.

27. This count arises from Defendants' violation of the Chicago Code, by: a) failing to pay Plaintiff Coronel the Chicago-mandated overtime wages for all hours worked in individual work weeks in violation of Chicago Code 1-24-020.

28. Defendant directed Plaintiff Coronel to and he did work as an employee, but was not compensated at at least one and a half times his normal rate of pay for all hours worked in excess of forty (40) hours per week.

29. Defendants' failure to pay Plaintiff Coronel the Chicago-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the Chicago Code.

30. Pursuant to Chicago Code 1-24-110, Plaintiff Ramirez is entitled to recover, treble the amount of unpaid overtime wages for three (3) years prior to the filing of this suit, plus attorney's fees and costs. The amount of unpaid overtime wages owed to Plaintiff is $14,224.53. Thus the total unpaid wages owed to Plaintiff under the IMWL is $42,673.59.

**WHEREFORE**, Plaintiff Jose Coronel respectfully requests that the Court enter a judgment in his favor and against Defendants 2053 W. Divison, Inc. d/b/a Silli Kori, Kori Luangsuwan, and Wanwimon Luangsuwan, jointly and severally, for:

A. Treble the amount of unpaid minimum and overtime wages for three (3) years prior to the filing of this suit, totaling at least $42,673.59;

B. Declare that Defendants have violated the Chicago Code;

C. Award reasonable attorneys' fees and costs as provided by the Chicago Code; and/or

D. Grant such additional relief as this Honorable Court deems just and proper.

JOSE CORONEL

James M. Dore (ARDC No. 6296265)
Daniel I. Schlade (ARDC No. 6273008)  s/Daniel I. Schlade
Attorney For Plaintiffs  Attorney For Plaintiffs
134 N. LaSalle, Suite 1208
Chicago, IL 60602
312-726-8401
Email: james@dorelawoffices.com
       jmdore70@sbcglobal.net
       danschlade@gmail.com  **PLAINTIFF DEMANDS TRIAL BY JURY**